267 P.2d 1059

**ORISON v. HERBRIG et al.**

No. 7961.

Supreme Court of Utah.

March 17, 1954.

George C. Heinrich, Logan, for appellants.

Newell G. Daines, Logan, for respondent.

HENRIOD, Justice.

Plaintiff sued his brother-in-law, Herbrig, and the latter's children, to quiet title to the old family homestead in Logan, Utah, which successively was owned by plaintiff's father, his mother and his sister (Herbrig's wife), claiming title by tax deed and adverse possession. The lower court, on evidence difficult to reconcile, found for the plaintiff. Affirmed, costs to plaintiff.

The only matter on appeal is defendants' contention that, contrary to the Court's finding, a perponderance of the evidence pointed to an oral contract between Herbrig and · plaintiff wherein the latter was to act as agent to take care of obligations against the place and to collect and retain the rentals therefrom, all in consideration of Herbrig's

payment of the funeral expenses of plaintiff's mother, whose death occurred in 1936.

Plaintiff's mother and his sister (Herbrig's wife) went to California in the early 20's, and apparently Herbrig assisted in the mother's support until her death. Prior to the sister's death, in 1935, her mother had deeded her the property. In 1937 plaintiff obtained a tax deed to the property and notified the tenants to pay the rentals to him instead of to Herbrig as they had done before. The tenants notified Herbrig that plaintiff had displayed his deed to them and that they were going to pay the rent to plaintiff, which they did for many years thereafter and until they moved. After such notice, Herbrig made no further inquiries, did not correspond with plaintiff, made no payment on the mortgage or taxes and did nothing to assert any claim in the property, as was the case with the other heirs. In 1942 plaintiff told one of Herbrig's daughters, who was in Logan, that he had purchased the property for the taxes, and she, like Herbrig, evinced no interest in the property. Herbrig says he did not concern himself about the property because he relied on plaintiff to carry out the terms of the oral agreement, and that his first knowledge that the latter claimed ownership was when this action was instituted. During the 13-year period, plaintiff paid all the taxes, paid off a $150 mortgage and interest, installed and paid for a sewer, and there is evidence that he fixed the fence and calcimined the place at times.

There is no evidence in the record indicating that Herbrig was authorized to contract with respect to the property on behalf of any of the heirs save himself. The oral contract allegedly was consummated on a California street corner at the time plaintiff went to his mother's funeral. Plaintiff denied any such contract or any conversation with Herbrig about the property. There was conflicting evidence as to whether plaintiff received the rentals for the first time in 1936, after his mother's death, or in 1937, after he obtained and displayed his tax deed. The tenants, disinterested witnesses, said they paid the rentals to plaintiff for the first time in 1937 after the latter had shown them the tax deed.

Learned counsel for defendants earnestly complains that plaintiff's uncommunicativeness was inequitable and that the disparity in the value of the homestead and the amount plaintiff spent on it, plus his retention of rentals also pointed to an inequitable situation. From the record it reasonably could be found that Herbrig and the others were apprised of plaintiff's claim of ownership. Disparity of value usually maintains where title is acquired by adverse possession, but such circumstance is not determinative.

We express no opinion as to matters not raised, but simply conclude that defendants' only contention: That there was a preponderance of the evidence showing the execution of an oral contract, is not borne out in the record. On the contrary we think

it not unreasonable for the Court to have found that the evidence negatived the establishment of such a contract, particularly in view of the fact that for 13 years none of the defendants acted in any manner reasonably consistent with a claim of ownership to property.

McDONOUGH, CROCKETT, and WADE, JJ., and CHARLES G. COWLEY, District Judge, concur.

WOLFE, C. J., being disqualified, does not participate herein.